UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMANUEL LEONARD FINCH, SR.,

            Petitioner,

   v.

JAMES KEY,

            Respondent.

Case No. C22-5255-RJB-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Emanuel Finch is a state prisoner who is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. Petitioner has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2011 Pierce County Superior Court judgment and sentence.[1] (*See* dkt. # 13.) Respondent has filed an answer to Petitioner's amended petition together with relevant portions of the state court record. (Dkt.

---

[1] Petitioner filed his original petition for writ of habeas corpus on April 8, 2022, in the United States District Court for the Eastern District of Washington, and the case was thereafter transferred to this district for resolution. (Dkt. ## 1, 3, 4.) Petitioner filed his amended petition for writ of habeas corpus on May 2, 2022, and that is the operative petition in this action. (*See* dkt. # 13.)

REPORT AND RECOMMENDATION
PAGE - 1

## 19, 20.) Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* dkt. # 19.)

Petitioner has filed a traverse to Respondent's answer (dkt. # 23) and a motion for an evidentiary hearing (dkt. # 22). Petitioner has also filed a motion for writ of mandamus in which he requests an order directing that evidence be produced (dkt. # 24), and a motion seeking to add exhibits to the record, to order the production of additional evidence, and to extend time to provide Respondent copies of his exhibits (dkt. # 27).

This Court, having reviewed Petitioner's amended petition, Respondent's answer to the petition, Petitioner's traverse, the state court record, and all pending motions, concludes that this federal habeas action should be dismissed as untimely under § 2244(d) and that Petitioner's pending motions should be denied as moot.

## II.     BACKGROUND

On April 22, 2011, Petitioner was found guilty, following a jury trial, on five counts of child molestation in the first degree and four counts of rape of a child in the first degree. (Dkt. # 20, Ex. 1 at 1-2.) On June 3, 2011, Petitioner was sentenced to a minimum term of 600 months confinement and a maximum term of life. (*Id*. at 7.)

Petitioner appealed his convictions to the Washington Court of Appeals. (Dkt. # 20, Ex. 2.) On April 23, 2013, the Court of Appeals issued an unpublished opinion affirming Petitioner's convictions and sentence but remanding the case to the trial court to strike community custody provisions prohibiting alcohol possession and mandating participation in an anger management program. (*Id*., Ex. 4.) Petitioner did not seek review by the Washington Supreme Court and, on August 30, 2013, the Clerk of the Court of Appeals issued a mandate terminating direct review. (*Id*., Ex. 5.) The Clerk indicated therein that the April 23, 2013, decision of the Court of Appeals

became the decision terminating review on May 24, 2013. (*Id*.) On October 18, 2013, the trial court signed an order correcting the judgment and sentence, *nunc pro tunc* to June 3, 2011. (*Id*., Ex. 22.)

On January 20, 2015, Petitioner filed a motion for relief from judgment in the Pierce County Superior Court. (Dkt. # 20, Ex. 6.) The Superior Court thereafter transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition. (*Id*., Ex. 7.) On June 25, 2015, the acting chief judge of the Court of Appeals dismissed the petition as untimely. (*Id*., Ex. 8.) Petitioner sought discretionary review of the Court of Appeals' decision in the Washington Supreme Court, and on November 3, 2015, the deputy commissioner of the Supreme Court denied review, agreeing with the conclusion of the Court of Appeals that Petitioner's petition was untimely. (*Id*., Exs. 9-10.)

On October 22, 2018, Petitioner filed a second personal restraint petition, this time directly with the Washington Supreme Court. (Dkt. # 20, Ex. 11.) The Supreme Court transferred the petition to the Court of Appeals for consideration and, on January 18, 2019, the acting chief judge of the Court of Appeals dismissed the petition as untimely. (*Id*., Exs. 12-13.) Petitioner again sought discretionary review in the Washington Supreme Court, and on April 23, 2019, the deputy commissioner of the Supreme Court denied review, once again agreeing with the conclusion of the Court of Appeals that Petitioner's petition was untimely. (*Id*., Exs. 14-15.) Petitioner moved to modify the deputy commissioner's ruling, and that motion was denied by the Supreme Court on July 10, 2019. (*See id*., Ex. 16.)

On April 9, 2021, Petitioner presented a third personal restraint petition to the Washington Court of Appeals. (Dkt. # 20, Ex. 17.) On September 8, 2021, the acting chief judge of the Court of Appeals dismissed the petition as untimely. (*Id*., Ex. 18.) Petitioner sought

discretionary review in the Washington Supreme Court, and on January 24, 2022, the deputy commissioner of the Supreme Court denied review. (*Id.*, Exs. 19-20.) Petitioner moved to modify the deputy commissioner's ruling, and that motion was denied by the Supreme Court on March 30, 2022. (*See id.*, Ex. 21.)

As noted above, Petitioner filed this federal habeas action on April 8, 2022 (*see* dkt. # 1), the briefing is complete, and this matter is now ripe for review.

### III. DISCUSSION

#### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A).

In this case, the period for direct review ended, at the latest, upon the expiration of the period for seeking review by the Washington Supreme Court of the Washington Court of Appeals' decision affirming Petitioner's convictions. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The Court of Appeals issued its opinion affirming Petitioner's judgment and sentence on April 23, 2013. (*See* dkt. # 20, Ex. 4.) Petitioner had 30 days thereafter to file a petition for review. *See* Rule 13.4(a), Washington Rules of Appellate Procedure. Because Petitioner did not file a petition for review, his conviction became final on May 24, 2013, the date noted by the Clerk in the Court of Appeals' mandate terminating direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run on the following day and

REPORT AND RECOMMENDATION
PAGE - 4

expired one year later on or about May 24, 2014. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Though Petitioner filed three personal restraint petitions in the state courts relating to the judgment and sentence challenged in this action, all three were filed well after the federal statute of limitations had already expired and, thus, the petitions did not act to toll the limitations period.

Petitioner, in his traverse to Respondent's answer, asserts that he is "relying on the 'Theory' of 'Equitable Tolling' and R.C.W. 10.73.100" in submitting his federal habeas petition to this Court for review." (Dkt. # 23 at 2.) RCW 10.73.100 is a state statute which identifies exceptions to the one-year time limit established by RCW 10.73.090 for filing applications to collaterally attack a judgment and sentence in the state courts. It has no relevance to calculation of the federal statute of limitations. The Court therefore turns to the issue of equitable tolling.

The statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The diligence that is required is "reasonable diligence." *Id*. at 653. "[T]he

requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance was, in fact, the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

      Petitioner offers no argument in support of his apparent assertion that he is entitled to equitable tolling in this case, and nothing in the record before this Court suggests that Petitioner has met the requirements for application of equitable tolling. It does not appear from the materials in the record that Petitioner has been particularly diligent in pursuing his rights in the years since his conviction became final, as evidenced by the fact that all of his state applications for post-conviction relief were untimely. There is also an absence of evidence in the record that some extraordinary circumstance stood in the way of Petitioner filing a timely federal habeas petition. This Court therefore concludes that Petitioner is not entitled to equitable tolling in this matter.

      In his motion for an evidentiary hearing, Petitioner also asserts that he "present[s] a gateway actual innocent [sic] claim to overcome the procedural hurdle." (Dkt. # 22 at 54.) There is an equitable exception to the statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the Supreme Court has cautioned that tenable actual innocence claims are rare. *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting

*Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and rarely met). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

While Petitioner asserts that he has presented a "gateway actual innocence claim," Petitioner presents no substantive argument as to how he believes this exception applies in the circumstances of this case. Petitioner, instead, cites to a series of cases in which various courts have addressed free-standing and gateway claims of actual innocence. Again, however, he fails to explain how such case law is relevant to any actual innocence claim he intends to present. Petitioner does not identify in his materials, much less produce, any new reliable evidence that would have altered the outcome of his criminal proceedings.

The record shows that Petitioner recently attempted, unsuccessfully, to obtain materials from his criminal proceedings that he appears to believe would support his efforts to overturn his convictions, including a copy of a medical summary report pertaining to one of his victims, and a CD containing Petitioner's interview with police. (*See* dkt. ## 24, 25 at 24, 27 at 2, 6.) However, Petitioner's apparent argument that this additional evidence, were he able to obtain it, would entitle him to relief on his federal habeas claims and/or would have affected the outcome of his trial, is simply too vague and confusing to support any claim of actual innocence. Petitioner's claim of actual innocence therefore fails.

Because Petitioner filed his federal habeas petition outside of the § 2254 statute of limitation period, and because Petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period or to an exception under the actual innocence gateway,

REPORT AND RECOMMENDATION
PAGE - 7

Petitioner's petition is time-barred and must therefore be dismissed.

### B. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's amended petition for writ of habeas corpus (dkt. # 13), and this action, be dismissed with prejudice as untimely under § 2244(d). This Court further recommends that a certificate of appealability be denied. Finally, this Court recommends that Petitioner's pending motions (dkt. ## 22, 24, 27) be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

will be ready for consideration by the District Judge on **August 19, 2022**.

DATED this 25th day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 9