UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMANUEL LEONARD FINCH, SR., | CASE NO. 22-5255 RJB-MLP |
| Petitioner, | ORDER ON REPORT AND RECOMMENDATION |
| v. | |
| JAMES KEY, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Michelle L. Peterson. Dkt. 29. The Court has considered the Report and Recommendation, the Petitioner's objections, and the remaining record.

In this habeas corpus case, Petitioner challenges his 2011 state conviction for child molestation and child rape and sentence of 600 months to life in prison. Dkt. 1. He filed his petition in this case on April 8, 2022. *Id.*

On July 25, 2022, the Report and Recommendation was issued, recommending that the petition be dismissed as untimely, all motions denied as moot, and a certificate of appealability be denied. Dkt. 29. The Report and Recommendation recommends finding that the period for direct review for Petitioner's conviction ended on May 24, 2013, the one-year statute of limitations under 28 U.S.C. §2244(d)(1) began to run the following day, and ended on May 24,

ORDER ON REPORT AND RECOMMENDATION - 1

2014.  *Id.*  It recommends finding that there is no basis to equitably toll the statute of limitations.  *Id.*  The Report and Recommendation recommends finding that the actual innocence exception to the statute of limitations does not apply.  *Id.*

The Report and Recommendation (Dkt. 29) should be adopted.  The Petitioner's objections do not provide a basis to not adopt the Report and Recommendation.

In his objections, the Petitioner contends that there is "bias and prejudice" against him because he is not a lawyer and that has resulted in the denial of various motions and petitions.  Dkt. 30, at 2.  The Petitioner's bare assertion is unavailing.  He points to no evidence to support his claim that his motions and petitions were denied because he is not a lawyer.

The Petitioner argues he is entitled to equitable tolling of the statute of limitations.  He contends that his "statement of additional grounds" in state court was late because he had to pay for the transcript and it took a long time for him to do so.  Dkt. 30, at 3.

As stated in the Report and Recommendation, in order to receive equitable tolling, the Petitioner must demonstrate that "'(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing'" of his habeas corpus petition.  Dkt. 29 (*quoting Holland v. Florida,* 560 U.S. 631, 645 (2010)).

The Petitioner does not show that he is entitled to equitable tolling of the statute of limitations for purposes of his habeas petition.  His "statement of additional grounds" was to be offered on his direct appeal.  There is no allegation that his direct appeal was untimely or that it is somehow related to his failure to timely file this habeas petition.  He makes no showing that he was "pursuing his rights diligently" or that an "extraordinary circumstance stood in his way and prevented timely filing" of his habeas petition.  The one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1) applies.  The Petitioner's claims are barred.

In his objections, the Petitioner states that he believes there should be no statute of limitations when it comes to constitutional claims. Dkt. 30. He argues that Congress does not have the power to impact his ability to raise constitutional issues in the courts. *Id.*

The Petitioner's arguments are not persuasive. He offers no authority for his assertion that Congress did not have the power to enact 28 U.S.C. §2244(d)(1). As stated in the Report and Recommendation, unless an exception applies, habeas corpus petitions must be filed within one-year after direct review of an appeal is complete. Dkt. 29 (*citing* 28 U.S.C. §2244(d)(1)).

The Report and Recommendation should (Dkt. 29) should be adopted, the petition dismissed as untimely, all pending motions denied as moot, and the certificate of appealability should be denied.

**ORDER**

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 29) **IS ADOPTED**;
- The Petition **IS DISMISSED WITH PREJUDICE;**
- All pending motions **ARE DENIED AS MOOT**; and
- The certificate of appealability **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of August, 2022.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge